UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT NEGRETE,<br><br>　　　　　Defendant. | No.  2:22-cv-1391 CSK P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding pro se.  On June 7, 2024, defendant Dr. Robert Negrete was ordered to show cause, within fourteen days, why Clerk's default should not be entered based on his failure to timely appear. (ECF No. 16.)  On June 18, 2024, defendant's copy of the order was returned by the Postal Service as "undeliverable, no mail receptacle."  On June 27, 2024, plaintiff filed a motion styled, "Motion to Enforce Court Order," in which plaintiff renewed his request to impose default judgment against defendant.[1]  (ECF No. 17.)

---

[1] Plaintiff previously requested default judgment for a sum certain under Rule 55(b)(1).  (ECF No. 15.)  Where a plaintiff seeks "a sum certain or a sum that can be made certain by computation" and provides an affidavit showing the amount due, the clerk must enter judgment for that amount and costs against a defendant who has been defaulted.  Id.  However, "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2). "[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default."  Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 928-29 (9th Cir. 2004).  Here, plaintiff contends that defendant Dr. Negrete retaliated against plaintiff in violation of the First Amendment, violated plaintiff's right

1

As plaintiff was previously informed, entry of Clerk's default is required before plaintiff may move for default judgment. (ECF No. 16.) Thus, plaintiff's renewed motion for default judgment is premature and is denied without prejudice. However, because defendant Negrete failed to timely appear or respond to the order to show cause, the Clerk is directed to enter Clerk's default. Fed. R. Civ. P. 55(a). After Clerk's default is entered, plaintiff may move for default judgment. Fed. R. Civ. P. 55(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 17) is denied without prejudice;

2. The Clerk of the Court is directed to enter Clerk's default against defendant Negrete; and

3. The Clerk of the Court shall forward a copy of this order to defendant Dr. Robert Negrete, Government Contractor and Physical Therapist, Mule Creek State Prison, P.O. Box 409099, Ione, California 95640.

Dated: July 2, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.clk.def

---

to equal protection under the Fourteenth Amendment, and was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. (ECF No. 1.) Thus, plaintiff's claim is not for a sum certain or a sum that can be made certain by computation as required under Rule 55(b)(1). Rather, plaintiff must file a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (identifying factors courts consider in exercising discretion as to the entry of default judgment).