UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL, | No. 2:22-cv-1391 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| ROBERT NEGRETE, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. On July 11, 2024, plaintiff filed a third motion for default judgment. (ECF No. 20.) On July 12, 2024, plaintiff filed a fourth motion for default judgment. As discussed below, the Court recommends that plaintiff's motions be denied without prejudice.

I. BACKGROUND

Plaintiff identifies as transgender. In the original complaint, plaintiff alleges that defendant Dr. Robert Negrete, a physical therapist at Mule Creek State Prison, retaliated against plaintiff for filing grievances against Dr. Negrete in violation of the First Amendment, discriminated against plaintiff based on her sexual orientation in violation of the Fourteenth Amendment, and was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. (ECF No. 1.)

On June 7, 2024, plaintiff's motion for default judgment in the amount of $69,000.00 was

1

denied without prejudice because no Clerk's default had yet been entered. (ECF No. 16.)

On July 2, 2024, plaintiff's second motion for default judgment was denied without prejudice because Clerk's entry of default was not entered. (ECF No. 18.) The Court also informed plaintiff that Constitutional claims are not for a sum certain or a sum that can be made by computation as required under Rule 55(b)(1). (ECF No. 18 at 1-2 n.1.) Thus, plaintiff must file a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 18 at 2 n.1) (citing Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (identifying factors courts consider in exercising discretion as to the entry of default judgment).

On July 2, 2024, Clerk's default was entered as to defendant Dr. Robert Negrete. (ECF No. 19.)

## II.    GOVERNING STANDARDS

Federal Rule of Civil Procedure 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Id. After obtaining a Clerk's entry of default under Rule 55(a), a party may obtain a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. Id. Rule 55(b) provides for a default judgment entered by the Clerk under Rule 55(b)(1), when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or by the Court under Rule 55(b)(2), "[i]n all other cases." See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process for obtaining a default judgment).

## III.   DISCUSSSION

### A. Clerk's Default

As set forth above, Clerk's default was entered on July 2, 2024. Plaintiff's motions were signed after Clerk's default was entered. Therefore, plaintiff has met the first step for obtaining default judgment.

### B. Default Judgment

As set forth above, plaintiff raises multiple claims against defendant Dr. Negrete and alleges violations of the First, Eighth, and Fourteenth Amendments. (ECF No. 1.) Yet, "[a]

2

1 defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."

2 PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v.

3 Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an

4 application for default judgment is within the district court's discretion.  Aldabe v. Aldabe, 616

5 F.2d 1089, 1092 (9th Cir. 1980).  In exercising such discretion, the court considers the following

6 factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

11 Eitel, 782 F.2d at 1471-72.  Default judgments are "ordinarily disfavored." Id. at 1472.  "Of all

12 the Eitel factors, courts often consider the second and third factors to be the most important."

13 Vietnam Reform Party v. Viet Tan - Vietnam Reform Party, 416 F. Supp. 3d 948, 962 (N.D. Cal.

14 2019) (internal quotation marks omitted).

15  Generally, once default is entered, well-pleaded factual allegations in the operative

16 complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc.

17 v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

18 Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v.

19 Combs, 285 F.3d 899, 906 (9th Cir. 2002).  That said, "necessary facts not contained in the

20 pleadings, and claims which are legally insufficient, are not established by default."  Cripps v.

21 Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d

22 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007)

23 ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of

24 law" (citation and quotation marks omitted)); Abney v. Alameida, 334 F.Supp.2d 1221, 1235

25 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

26  If proximate cause is properly alleged in the complaint, it is admitted upon default."

27 Elektra Entm't Group, Inc. v. Bryant, 2004 WL 783123, at *2 (C.D. Cal. 2004) (citing Greyhound

28 Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992)).  Injury is

admitted upon default, but the plaintiff "still must prove that the compensation sought relates to the damages that naturally flow from the injuries pled." Wu v. Ip, 1996 WL 428342, at *1 (N.D. Cal. 1996) (citing Greyhound, 973 F.2d at 159). Thus, a party's default conclusively establishes that party's liability on sufficiently pleaded claims but does not establish the amount of damages. Geddes, 559 F.2d at 560; see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990); Doe v. Rafael Saravia, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004). To obtain a default judgment against a defendant for a claim for uncertain damages, the plaintiff must prove the amount of damages plaintiff seeks. Shanghai Automation Instrument Co., Ltd. v. KUEI, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001).

Here, in the third motion for default judgment, plaintiff claims to seek default judgment under Rule 55(b)(2) but again asks for default judgment in the amount of $69,000.00. (ECF No. 20.) In the fourth motion for default judgment, plaintiff also seeks $69,000.00 under Rule 55(b)(2) for both compensatory and punitive damages but refers to an exhibit in which plaintiff describes defendant's default, and then handwrites in the $69,000.00 amount plaintiff seeks. (ECF No. 21 at 1, 8.)[1] The Court previously informed plaintiff that the Constitutional claims are not for a sum certain or a sum that can be made certain by computation as required under Rule 55(b)(1). (ECF No. 18.) Although plaintiff claims the motion was filed under Rule 55(b)(2), and provides a declaration, plaintiff failed to support the motion with argument or evidence. Specifically, plaintiff failed to address any of the factors set forth in Eitel, failed to explain how plaintiff reached the sum of $69,000.00 and submitted no evidence in support of such damages. Thus, plaintiff's motions for default judgment based on requests for a sum certain in the amount of $69,000.00 should be denied.

Finally, in an effort to assist plaintiff in addressing the Eitel factors in a renewed motion for default judgment, the Court sets forth below the standards governing plaintiff's claims.

///

---

[1] Plaintiff also provided a copy of the Clerk's default (ECF No. 19), and the July 2, 2024 order (ECF No. 18), but such documents are matters of Court record and need not be re-submitted. (ECF No. 21 at 2-6.)

First Amendment Retaliation Claim

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Eighth Amendment Medical Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (internal quotation marks omitted).  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  To state a claim under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) plaintiff is a member of a protected class and (2) that the defendant acted

with an intent or purpose to discriminate against plaintiff based upon membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). "[D]iscrimination based on transgender status independently qualifies as a suspect classification under the Equal Protection Clause because transgender persons meet the indicia of a 'suspect' or 'quasi-suspect classification' identified by the Supreme Court. Norsworthy v. Beard, 87 F. Supp. 3d 1104, 1119 (N.D. Cal. 2015). Thus, discrimination on the basis of transgender status is subject to intermediate scrutiny. Id. (citing SmithKline Beecham Corp. v. Abbott Labs., 740 F.3d 471, 481 (9th Cir. 2014) (holding that United States v. Windsor, 570 U.S. 744, 769-70 (2013) "requires that heightened scrutiny be applied to equal protection claims involving sexual orientation")).

IV.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's third and fourth motions for default judgment (ECF Nos. 20, 21) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 16, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.defj