1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT NEGRETE,<br><br>   Defendant. | No. 2:22-cv-1391 TLN CSK P<br><br>FINDINGS & RECOMMENDATION |

Plaintiff is a state prisoner proceeding pro se.  Defendant's motion to set aside the Clerk's entry of judgment is before the Court.  (ECF No. 23.)

As discussed below, the Court recommends that defendant's motion to set aside the clerk's entry of default be granted.

I.     PLAINTIFF'S ALLEGATIONS

Plaintiff identifies as transgender.  In the original complaint, plaintiff alleges that defendant Dr. Robert Negrete, a physical therapist at Mule Creek State Prison, retaliated against plaintiff for filing grievances against Dr. Negrete in violation of the First Amendment, discriminated against plaintiff based on plaintiff's sexual orientation in violation of the Fourteenth Amendment, and was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.  (ECF No. 1.)

///

1

II.     BACKGROUND

On June 7, 2024, the Court issued an Order to Show Cause why Clerk's entry of default should not be entered.  (ECF No. 16.)  On June 18, 2024, defendant's copy of the order to show cause was returned as undeliverable.

On July 2, 2024, Clerk's entry of default was entered as to defendant Robert Negrete. (ECF No. 19.)  On July 11 and 12, 2024, plaintiff filed motions for default judgment.  (ECF Nos. 20, 21.)  On July 18, 2024, the undersigned recommended that plaintiff's motions for default judgment be denied.

On July 18, 2024, defendant filed a motion to set aside the Clerk's entry of judgment. (ECF No. 23.)

On August 12, 2024, plaintiff was granted an extension of time to file objections to the July 18, 2024 findings and recommendations and to file an opposition to defendant's motion to set aside the clerk's entry of default.  (ECF No. 25.)  Plaintiff did not file objections, and on September 25, 2024, the district court adopted the findings and recommendations and denied plaintiff's motions for default judgment.  (ECF No. 26.)

Plaintiff did not file an opposition to defendant's motion to set aside the Clerk's entry of default.

III.    ENTRY OF DEFAULT

   A. Legal Standards

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c).  In considering whether good cause exists, the court considers three factors:  (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.  See Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004) (noting the same standard is used for vacating an entry of default under Rule 55(c) and vacating a default judgment under Rule 60(b)).  "Such standard . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." United States v. Signed Pers. Check No. 730 of

2

Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). A Clerk's entry of default may also be set aside as void if default was entered without proper service of process. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992); see also Yagman v. Galipo, 2013 WL 1284109, at *10 (C.D. Cal. Mar. 25, 2013). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

      B. Defendant's Motion

First, defendant states that the default was not the result of culpable conduct on his part, but rather because the complaint was served on the California Department of Corrections and Rehabilitation ("CDCR") who was not authorized to accept service on defendant's behalf, which resulted in significant delay in defendant receiving actual or constructive notice of the complaint. (ECF No. 23 at 3.) Defendant claims he was not aware of the impending default or the Court's Order to Show Cause. (Id. at 1.) Once defendant became aware of the complaint, over a year later, he took reasonable steps to address it by contacting Legacy Personnel, CDCR California Correctional Health Care Services ("CCHCS") Health Care Litigation Support Section and JVR Insurance, and believed those departments were handling the lawsuit. It was not until defendant received an email from a different department that he realized the lawsuit had not been taken care of, and he was in danger of default and default judgment. Defendant immediately contacted the CDCR CCHCS Health Care Litigation Support Section and JVR Insurance and secured legal representation on July 12 and 15, 2024, and the instant motion was filed on July 18, 2024. (Id.) Because there was an issue with improper service of process, and his actions were not intentional, willful or in bad faith, and he acted reasonably and in good faith once he learned of the legal obligations, defendant argues that his default did not result from culpable conduct.

Second, defendant contends he has a meritorious defense to this action and provided a proposed answer with his motion. Defendant "strenuously disputes the factual assertions in the Complaint and has documentation from his visits with plaintiff" to support his position. (Id. at 5.) Thus, defendant argues that the second factor weighs in favor of setting aside the Clerk's default.

Finally, defendant points out that he filed his motion to set aside less than two weeks after

the Clerk's entry of default was entered, well within the one year limit set under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 23 at 5.) Defendant argues his prompt filing "significantly minimizes any potential prejudice" to plaintiff, and further demonstrates his "diligence and commitment to addressing the matter promptly." (Id. at 5-6.) In addition, defendant notes there is "no indication that evidence has been lost, witnesses have become unavailable, or any other circumstances have arisen that would impair plaintiff's ability to proceed with the case." (Id. at 6.)

Defendant's motion is supported with his own declaration, the declaration of counsel, and defendant's proposed answer. (ECF No. 23-1, 23-2, and 23-3.)

C. Discussion

Default judgments are disfavored, and the record does not suggest that defendant engaged in culpable conduct. The docket confirms that service of process was problematic. On January 9, 2023, the CDCR filed a notice of their intent to not waive service. (ECF No. 9.) On July 28, 2023, the summons was returned unexecuted. (ECF No. 10.) On August 21, 2023, new information was provided to the U.S. Marshal Service for service on defendant. (ECF No. 11.) Service of process was not returned executed until December 27, 2023. (ECF No. 13.) Such difficulties in service were not due to any conduct by defendant.

In addition, defendant has presented his declaration supporting his claim that he has specific facts that constitute a defense and provided a proposed answer. Finally, there is nothing in the record to suggest that plaintiff will suffer prejudice if the default is set aside. As noted above, plaintiff did not file an opposition to defendant's motion to set aside the Clerk's entry of default. Review of plaintiff's motions for default judgment denied by the district court do not identify any prejudice to plaintiff if defendant's motion to set aside the Clerk's entry of default is granted.

For the above reasons, the Court finds good cause to set aside the Clerk's entry of default and recommends that defendant's motion to set aside (ECF No. 23) be granted, and his answer (ECF No. 23-1) be filed with the Court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to set aside the Clerk's entry of default (ECF No. 23) be granted; and

2. The Clerk of the Court be directed to set aside the Clerk's entry of default (ECF No. 23) and file defendant's answer (ECF No. 23-1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 01/14/25

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.def

5