UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL, | No. 2:22-cv-1391 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT NEGRETTE, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's motion for relief under Rule 12(a)(4) of the Federal Rules of Civil Procedure (ECF No. 28) is before the Court. As discussed below, plaintiff's motion is denied, and plaintiff is granted an extension of time to file objections to the pending findings and recommendations.

Background

On January 14, 2025, the Court recommended that defendant's July 18, 2024 motion to set aside entry of default be granted, the Clerk's entry of default be set aside, and defendant's answer be filed. (ECF No. 27.) On January 27, 2025, plaintiff filed a document styled, "Plaintiff's Request for Relief Under Rule 12(a)(4)." (ECF No. 28.) Plaintiff argues that while it appeared defendant filed an answer with the Court, defendant failed to serve it on plaintiff. Further,

1

plaintiff contends plaintiff was provided no notice to challenge defendant's motion to set aside the Clerk's entry of default, and "wishes to challenge" defendant's motion. (Id. at 1.)

Discussion

Federal Rule of Civil Procedure 12(a)(4) provides:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
>
> (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Fed. R. Civ. P. 12(a)(4).

First, plaintiff is not entitled to relief under Rule 12(a)(4). Defendant did not file a motion under Rule 12. Rather, defendant's motion was filed under Rule 55(c) of the Federal Rules of Civil Procedure. (ECF No. 23 at 2.)

Second, plaintiff is incorrect that defendant failed to serve the proposed answer on plaintiff. Defendant's motion confirms that defendant served plaintiff with a copy of defendant's motion and exhibits, which included defendant's answer, by mail on July 18, 2024, and it was served on plaintiff at plaintiff's address of record. (ECF No. 23 at 7.) Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. L.R. 182(f).

Third, it is the plaintiff's responsibility to keep the court and defendant apprised of plaintiff's current address at all times. Id. The court record reflects that plaintiff did not file a separate notice of change of address reflecting the transfer to RJ Donovan State Prison. "Separate notice [of change of address] shall be filed and served on all parties in each action in which an appearance has been made." Id. In the January 27, 2025 request, plaintiff "asks the Court to advise [defendant] of [plaintiff's] present address for service which is notated above." (ECF No. 28 at 1.) But, as set forth above, plaintiff is required to file a separate "Notice of Change of Address" so that both defendant and the Court are put on notice of the change in address. In the future, plaintiff shall file a separate notice of change of address in each case pending in this Court.

Fourth, court records reflect that plaintiff did file a notice of change of address in a different case. Israel v. McClelland, No. 2:22-cv-0729 KJM EFB (E.D. Cal.).[1] On December 18, 2024, plaintiff signed a notice of change of address which was filed in McClelland on December 23, 2024. Id. at ECF No. 35. In that notice, plaintiff claimed the transfer took place on December 6, 2024. Id.

Finally, plaintiff appears to contend that the "hasty transfer," apparently referring to the December transfer, somehow deprived plaintiff of notice of defendant's motion to set aside the Clerk's entry of default. (ECF No. 28 at 1.) Defendant's motion was filed on July 18, 2024, the same day the Court recommended that plaintiff's third motion for default judgment be denied, and both documents were served on plaintiff at Salinas Valley State Prison, plaintiff's address of record. (ECF Nos. 22, 23.) Subsequently, plaintiff filed a request for extension of time to file objections to the findings and recommendations, which confirmed plaintiff was housed at Salinas Valley State Prison on July 31, 2024.

Therefore, the Court declines to vacate the January 14, 2025 findings and recommendations. Instead, plaintiff is granted an extension of time to file objections to the findings and recommendations. Plaintiff may include an opposition to the motion to set aside the Clerk's default in the objections, and defendant shall have fourteen days thereafter to file a reply.

Plaintiff is cautioned that failure to file timely objections will result in the findings and recommendations being routed to the district judge for review and adoption. Further, plaintiff is advised that failure to keep the Court apprised of plaintiff's current address at all times may result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief under Rule 12(a)(4) (ECF No. 28) is denied.

2. Plaintiff is granted fourteen days from the date of this order to file objections to the January 14, 2025 findings and recommendations. Defendant's reply, if any, shall be filed

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

fourteen days thereafter.

3. The Clerk of the Court is directed to send plaintiff a copy of defendant's motion to set aside Clerk's entry of default, including attachments. (ECF No. 23, 23-1 to 23-3.)

Dated: January 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.eot

4