UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL, | No. 2:22-cv-1391 CSK P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT NEGRETE, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. On January 31, 2025, plaintiff was granted fourteen days to file objections to the pending findings and recommendations (ECF No. 27) and to file an opposition to defendant's motion to set aside judgment (ECF No. 23). (ECF No. 22.) On February 4, 2025, plaintiff filed a document styled "Motion for Judicial Notice." (ECF No. 30.) Plaintiff claims that since transfer to RJ Donovan, plaintiff has had access to legal property only once, on January 6, 2025. (Id. at 3.) Since that time, despite multiple grievances and requests for access to legal property by plaintiff and plaintiff's friends and family, plaintiff has been denied access. In addition, plaintiff is receiving conflicting instructions on where to make such request: plaintiff was informed by an R&R guard that "it's the library's job" to give plaintiff access to stored legal materials. (Id.) On the other hand, the librarian told plaintiff it's "R&R's job" to give plaintiff access. (Id.) In addition, plaintiff claims that at least two other inmates are allowed to store their excess legal materials in the Echo Law Library. (Id. at 4.)

Review of court records reflects that plaintiff filed the same "Motion for Judicial Notice" in Israel v. Shmary, No. 2:21-cv-0262 TLN EFB P (E.D. Cal.) (current motion pending; defendants filed opposition); Israel v. Giles, No. 2:21-cv-1027 DAD DMC P (E.D. Cal.) (current motion pending; defendants filed opposition); Israel v. McClelland, No. 2:22-cv-0729 KJM EFB P (E.D. Cal.) (new discovery and pretrial motions deadlines set on January 21, 2025; current motion pending), Israel v. Moreno, No. 2:23-cv-2383 JGB SK (C.D. Cal.) (plaintiff's motion for judicial notice was denied as moot in light of the recent order modifying the scheduling order).[1]

To the extent plaintiff asks the Court to take judicial notice of certain events involving plaintiff's access to legal materials, plaintiff's motion is denied. The court may judicially notice a fact not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The allegations set forth by plaintiff are not within the category of documents subject to judicial notice. Therefore, plaintiff's motion is denied.

In the motion, plaintiff also claims she emailed defendants' attorney, Deputy Attorney General Judith Gronna, to report that plaintiff's inability to access legal property was damaging plaintiff's ability to address outstanding discovery issues, but Gronna did not respond. (ECF No. 30 at 2.) Gronna is counsel for defendants in plaintiff's case pending in the Central District, Israel v. Moreno, No. 2:23-cv-2383 JGB SK.

There is no discovery pending in this action. Moreover, on January 31, 2025, plaintiff was provided a copy of defendant Negrete's motion to set aside clerk's default. Given the procedural nature of defendant's motion, it does not appear that plaintiff needs access to legal materials to file objections or to provide an opposition to defendant's motion, if plaintiff has one. Plaintiff has now had over thirty days to file objections or an opposition in response to the January 31, 2025 order.

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1   In an abundance of caution, plaintiff is granted another ten days to file objections to the
2   January 14, 2025 findings and recommendations.  No further extensions of time will be granted.
3   Failure to file timely objections will result in the findings and recommendations being routed to
4   the district court for review and adoption.
5   Accordingly, IT IS HEREBY ORDERED that:
6   1.  Plaintiff's motion for judicial notice (ECF No. 30) is denied; and
7   2.  Plaintiff is granted ten days from the date of this order in which to file objections to the
8   findings and recommendations (ECF No. 27), and to file an opposition to defendant's motion to
9   set aside judgment (ECF No. 23), if any.
10  Dated:  03/06/25

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.36b.cjra

3