UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL, | No. 2:22-cv-1391 CSK P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT NEGRETE, | |
| Defendant. | |

Plaintiff is a state prisoner who identifies as transgender, proceeds pro se and in forma pauperis, and is currently housed at RJ Donovan Correctional Facility ("RJD"). On March 31, 2025, plaintiff filed a motion for relief in which plaintiff claims she has been deprived of access to her legal materials, stored offsite in a Connex storage site, since January 6, 2025. (ECF No. 35 at 1.) Review of court records reflects that plaintiff filed the same motion in two prior cases: Israel v. Brownstein, No. 2:21-cv-0262 TLN EFB P (E.D. Cal.) (plaintiff's motions for protective order and defendants' motion to compel pending), and Israel v. McClelland, No. 2:22-cv-0729 KJM EFB P (E.D. Cal.) (plaintiff's motion for protective order pending).[1]

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). In addition, on February 7, 2025, plaintiff filed a motion also complaining of impaired access to legal materials in Israel v. Moreno, No. 2:23-cv-2383 JGB SK (C.D. Cal.) (ECF No. 75). Plaintiff's motion was denied as moot in light of the recent order modifying the scheduling order, and the parties filed a joint stipulation for protective

1

Plaintiff claims that on March 12, 2025, the librarian at RJD advised plaintiff that per the supervisor, legal property is not the responsibility of library staff. (Id. at 1-2.) But on January 6, 2025, acting R&R Supervisor Ogle stated, "per policy, legal property is not the responsibility of R&R, it is library staff's responsibility to get you access to it." (Id. at 2.)

There is no discovery motion pending in this action. Thus, plaintiff's motion for relief is more appropriately addressed in his two prior cases. Because there is no discovery motion pending in this case, and plaintiff offers no specific allegations as to the documents needed in this action, plaintiff's motion is premature and is denied without prejudice. Once plaintiff faces an impending deadline in this case, plaintiff is encouraged to submit a "Priority Library User ("PLU") Request and Declaration" on form CDCR 2171 with the specifics for this case, and then seek court relief if plaintiff is not granted access once PLU status is granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for relief (ECF No. 35) is denied without prejudice.

Dated: April 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.mot.rel

---

order on March 17, 2025, which was modified and entered on March 18, 2025. Id. (ECF Nos. 77-79.)