UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA ISRAEL, | No. 2:22-cv-1391 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT NEGRETE, | |
| Defendant. | |

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 17, 2025, plaintiff filed a motion to compel, also seeking defendant's disciplinary records. (ECF No. 44.) Indeed, plaintiff's motion is largely duplicative of the July 10, 2025 motion (ECF No. 42), except that some pages are in a different order (compare pages 18 to 24); plaintiff's second motion does not have the proof of service contained in the first motion (ECF No. 42 at 25); an additional exhibit is included in Exhibit A to the second motion (ECF No. 44 at 24), and a cover for Exhibit C is included, but there is no exhibit C (Id. at 27). Finally, plaintiff appended to the second motion a copy of the discovery requests. (ECF No. 27-1 at 1-6, 28-34, and pages 7 to 27 are documents). However, plaintiff did not provide defendant's responses to the discovery requests. (Id.)

Importantly, similar to the first motion, plaintiff did not sign the second motion and its accompanying memorandum of points and authorities. (ECF No. 44.)

1

1    Because the second motion does not bear plaintiff's signatures, the Court cannot construe
2    it as responsive to the July 15, 2025, order which gave plaintiff 21 days to refile an appropriate
3    motion bearing plaintiff's signatures on the motion and the points and authorities.  (ECF No. 43.)
4    Plaintiff did not date the second motion or provide a proof of service bearing a date; the proximity
5    between the order and the filing of the second motion suggests that plaintiff did not have benefit
6    of the July 15, 2025 order when plaintiff mailed the second motion to the Court.

7    Because plaintiff's second motion is duplicative of the first motion and also suffers from
8    the same defects as the first motion, the second motion (ECF No. 44) is denied as duplicative, but
9    without prejudice.  Pursuant to the July 15, 2025 order, plaintiff has until August 5, 2025, to
10   correct the deficiencies identified in the July 15, 2025 order.  (ECF No. 41.)  Under the mailbox
11   rule, this means that plaintiff must deliver the corrected motion to prison officials for mailing on
12   August 5, 2025.  Because plaintiff did not have the July 15, 2025 order when the second motion
13   was mailed, plaintiff would have received the Court's order after the second mailing, so no
14   extension of time to comply appears necessary.  Plaintiff is reminded that <u>all</u> court filings must
15   bear plaintiff's handwritten signature.  <u>See</u> Fed. R. Civ. P. 11(a).

16   Finally, plaintiff is cautioned that each additional filing that plaintiff makes only delays
17   the handling of this case, and the filing of duplicative motions, particularly lengthy ones, unduly
18   strains limited court resources.  This is particularly true given that "the Eastern District of
19   California maintains one of the heaviest caseloads in the nation, a significant portion of which is
20   comprised of pro se inmate cases."  <u>Foust v. Hall</u>, 2016 WL 3019394, at *5 (E.D. Cal. May 26,
21   2016).

22   Accordingly, IT IS HEREBY ORDERED that plaintiff's second motion to compel
23   disciplinary records (ECF No. 44) is denied, without prejudice, because it is duplicative of the
24   July 10, 2025, motion and is not signed.

25

26   Dated:  July 23, 2025

27   /1/isra1391.den

28

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

2