UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA A. ISRAEL, | No.  2:22-cv-1391 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT NEGRETE, | |
| Defendant. | |

This case proceeds on the complaint filed August 5, 2022.  (ECF No. 1.)  Plaintiff is a California prison inmate proceeding pro se and in forma pauperis.  Before the Court are plaintiff's motion to compel (ECF No. 47) and amended motion to issue subpoena (ECF No. 48). Defendant has filed an opposition to the motion to compel (ECF No. 51) and a statement of non-opposition to the motion for subpoena (ECF No. 50).  For the reasons set forth below, the Court will deny the motion to compel and grant the motion for subpoena.

**I.  BACKGROUND**

Plaintiff identifies as transgender.  In the complaint, plaintiff alleges that defendant Dr. Robert Negrete, a physical therapist at Mule Creek State Prison, retaliated against plaintiff for filing grievances against Dr. Negrete in violation of the First Amendment, discriminated against plaintiff based on sexual orientation in violation of the Fourteenth Amendment, and was

1

deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. (ECF No. 1; see also ECF No. 4).  Defendant has answered the complaint.  (ECF No. 33.) Discovery closes on March 31, 2026.  (ECF No. 54.)

**II.  MOTION TO COMPEL**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  Plaintiff's motion seeks to compel the production of additional documents sought in plaintiff's Requests for Production (RFPs) Numbers 1 through 6.  (ECF No. 47.)  In response to RFP Nos. 3 and 6, defendant has produced 143 pages of documents, consisting of the investigative file for plaintiff's grievances against Defendant and a handful of responsive emails. (See ECF No. 51-2, Loorz Decl. at 3.)  Defendant has produced no documents in response to RFP Nos. 1, 2, 4, and 5; he maintains that these documents are not in his custody, possession, or control and that plaintiff must seek them from the California Department of Corrections and Rehabilitation (CDCR).

Attached to defendant's opposition is a statement setting forth the subject RFPs and defendant's responses.  (ECF No. 51-1; see ECF No. 51-3, Ex. A.)  In June and July 2025, the parties exchanged meet-and-confer emails about defendant's responses to the RFPs.  (ECF No. 51-3, Exs. B & C.)

"The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action." Landreth v. Leil, 2023 WL 2480644, at *1 (E.D. Cal. Mar. 13, 2023) (collecting cases).  "The party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Id. (collecting cases).

**A.  RFP No. 1: Spreadsheet of Alleged Misconduct at CDCR**

RFP No. 1 seeks "a spreadsheet of all allegations of staff misconduct stored in the CDCR tracking system . . . against YOU [Dr. Negrete]" between January 1, 2020 and January 30, 2025.

2

(ECF No. 51-1 at 1.)

Defendant objected that this request seeks information from third parties, that the requested documents were not within his possession, custody or control, and that any documents relating to the CDCR would have to be obtained through the CDCR.  (Id. at 2.)

Federal Rule of Civil Procedure 34 permits a party to request the production of documents or electronically stored information in the responding party's possession, custody, or control. Generally, a party is deemed to have control for purposes of discovery if he has "the legal right to obtain documents on demand."  United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.1989).  Plaintiff acknowledges that defendant is a "former CDCR contractor" and no longer works for CDCR.  (ECF No. 47 at 2.)  In Hardge v. Adams, 2009 WL 410125, at *2 (E.D. Cal. Feb. 17, 2009), a state prisoner plaintiff moved to compel production of documents from two former CDCR employees related to plaintiff's excessive force lawsuit.  As in this case, defendants stated that they did not have possession of the documents plaintiff sought. "The Court cannot order defendants to produce documents that are not in their possession, custody or control," the court stated.  Id. at *2.  However, the court extended the discovery deadline "to allow Plaintiff to file a motion for the issuance of subpoenas duces tecum commanding the production of [the requested] documents . . . since it appears that the documents are in the custody, possession, or control of third parties."  Id.  Here too, there is no reason to believe that defendant Negrete has information in his personal possession about "all allegations of staff misconduct" against him during a five-year period—information plaintiff describes as "stored in the CDCR tracking system."

Plaintiff cites Mitchell v. Adams, 2009 WL 674348, at *9 (E.D. Cal. Mar. 6, 2009), for the proposition that an individual party can have constructive control over CDCR documents and be required to produce them.  See Landreith, 2023 WL 2480644, *8 ("If a defendant has constructive control over the documents requested, then the defendant is in possession, custody, or control of the documents.") (collecting cases).  Mitchell concerned the warden of a prison, sued in his personal capacity.  In those circumstances, the court found that the warden defendant failed to demonstrate that he did not have control of the documents sought, where "it is clear that he may

3

obtain from CDCR whatever record there may be with regard to plaintiff's housing assignment while at" the prison where the warden worked. Mitchell, 2009 WL 674348 at *8-9. Here, defendant is not a warden; he is a former CDCR contractor as a physical therapist, and he plausibly asserts that he does not have access to documents concerning former patients at Mule Creek State Prison. These facts are distinguishable from Mitchell such that the doctrine of constructive control does not apply. See Bryant v. Armstrong, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (while a defendant may be directed to obtain and produce documents from a current employer, the defendant may not be directed to obtain and produce such documents from a former employer).

Plaintiff may seek this information by subpoenaing CDCR, as contemplated by his motion for subpoena, which defendant does not oppose. Thus the Court denies plaintiff's motion to compel as to RFP No. 1.

**B. RFP No. 2: Texts about Plaintiff**

RFP No. 2 seeks "all text communications sent and/or received by YOU which pertain to plaintiff" between January 30, 2021 and January 30, 2023. (ECF No. 51-1 at 5.)

Defendant responded that he "does not have any text communications [during the specified time period] in his personal capacity as an individual relating to Plaintiff" and that such documents are not within his possession, custody or control. (Id.)

In the motion to compel, plaintiff asserts that defendant has not indicated that he "conducted a diligent and good faith search of all locations where such communications may exist, including personal devices, email accounts, and cloud storage." (ECF No. 47 at 5.) However, defendant's opposition asserts that Dr. Negrete "performed a diligent search and reasonable inquiry" for the requested documents (ECF No. 51 at 1), and he submitted verified responses stating that he did not have certain documents. Notably, in plaintiff's June 17, 2025 email to defendant's counsel about RFP responses, plaintiff did not claim that the response to RFP No. 2 was deficient. (ECF No. 51-3, Ex. B.) Plaintiff did not take issue with defendant's response to RFP No. 2 in June 2025 and offers no factual basis for disputing it. The Court denies the motion as to RFP No. 2.

4

### C. RFP No. 3: Emails about Plaintiff

RFP No. 3 seeks "all emails sent and/or received by You which pertain to plaintiff" between January 30, 2021 and January 30, 2023.  (ECF No. 51-1 at 9.)

In defendant's counsel's meet and confer email of July 1, 2025, counsel stated that defendant had "searched for the emails within his possession and is producing all non-privileged communications responsive to this request," consisting of four emails from 2021.  (ECF No. 51-3, Ex. C.)  "These messages constitute the full extent of email correspondence in Defendant's control related to plaintiff during the relevant time period."  (Id.)  Thus, the Court denies the motion as to RFP No. 3 as moot.

### D. RFP No. 4: Non-Party Allegations of Retaliation

RFP No. 4 seeks "all non-party grievances and appeals alleging retaliation . . . made against YOU" between January 1, 2020 and January 30, 2025.  (ECF No. 51-1 at 13.)

Defendant responded that, "[t]o the extent patients of Defendant submit grievances to CDCR or other agencies, Defendant Negrete is not in possession, custody, or control of those documents."  (Id. at 16.)  Defendant contends that plaintiff should seek to obtain these documents from CDCR, as contemplated by plaintiff's motion for subpoena.  Plaintiff has not shown any factual basis to discount defendant's statement that he does not have responsive documents, and a subpoena is the appropriate way to obtain any such documents in the CDCR's files.  See Hardge, 2009 WL 410125 at *2.  Thus, plaintiff's motion is denied as to RFP No. 4.

### E. RFP No. 5: Non-Party Allegations of Discrimination

RFP No. 5 seeks "all non-party grievances and appeals alleging YOU discriminated based on gender or sex and sexual orientation" between January 1, 2020 and January 30, 2025.  (ECF No. 51-1 at 16.)

As with RFP No. 4, defendant responded that, to the extent his patients submitted grievances to CDCR or other agencies, he does not possess or control those documents.  (Id. at 19.)  For the reasons set forth above, the Court denies the motion as to RFP No. 5.

### F. RFP No. 6: Investigative Files of Grievances

RFP No. 6 requests seeks "the complete investigative files in response to any grievance or

5

allegation of staff misconduct made against YOU concerning retaliation and/or issues with discrimination" between January 1, 2020 and January 30, 2025.  (ECF No. 51-1 at 20.)

Defendant responded that he did not have access to complete investigative files concerning grievances against him; however, he "was able to obtain the investigative files for the grievances Plaintiff filed against him" and would produce those investigative reports.  (Id.)  In total, defendant produced 143 pages of material.  (See ECF No. 51-2 at 1.)  Defendant's counsel's meet and confer email of July 1, 2025 stated that "no additional [responsive] documents were provided or are accessible to Defendant."  (ECF No. 51-3, Ex. C.)  As it appears defendant has produced all responsive documents in his possession, the Court denies the motion as to RFP No. 6 as moot.  In sum, the motion to compel will be denied its entirety.

**III.  MOTION FOR SUBPOENA**

Plaintiff's motion for subpoena seeks to obtain documents responsive to RFP Nos. 1, 3, 4, 5 and 6 from CDCR.  (ECF No. 48 at 1.)  Defendant does not oppose plaintiff's request for the court's authorization to serve a subpoena duces tecum on CDCR.  (ECF No. 50.)

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may command production of documents.  As this district court has noted,

> [t]he court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), '[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court,' Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d).  Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.

Alexander v. Dept. of Corrections, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010).

Here, plaintiff has made a sufficient showing of relevance and clearly identified the documents sought.  (See, e.g., ECF No. 48 at 9-11.)  Through its analysis of the RFP requests, the Court is satisfied that these records are obtainable only through a third party, CDCR.  Thus, the Court grants plaintiff's motion for subpoena.  Plaintiff is proceeding in forma pauperis and is

6

entitled to have a U.S. Marshal effect service of any subpoena duces tecum issued by the court, 28 U.S.C. § 1915(d), as set forth below.

**IV.  CONCLUSION**

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion to compel (ECF No. 47) is DENIED;

2.  Plaintiff's amended motion to issue subpoena (ECF No. 48) is GRANTED;

3.  The Clerk of Court is directed to issue one blank subpoena and send it, along with copies of the U.S. Marshal's Process Receipt & Return form (USM-285), to plaintiff;

4.  Plaintiff shall complete the subpoena and USM-285 form and promptly return it to the Clerk of Court;

5.  Upon receipt of properly completed subpoena and USM-285 form, the Clerk of Court shall deliver the subpoena, the USM-285 form, and a copy of this Order, to the U.S. Marshal for service;

6.  Within 20 days of receiving the subpoena, USM-285 form, and a copy of this Order, the United States Marshal must personally serve the subpoena and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d); and

7.  Within 10 days after personal service is effected, the United States Marshal must file the proofs of service.

Dated:  February 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/22cv1391.israel.mtc

7