UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKIVA A. ISRAEL,

          Plaintiff,

   v.

ROBERT NEGRETE,

          Defendant.

No.  2:22-cv-1391 TLN CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C.§ 1983.  Plaintiff, who identifies as transgender, filed a motion for appointment of counsel for the limited purpose of representing plaintiff at her deposition.[1]  (ECF No. 58.)  The Court has determined that this case may be appropriate for limited appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, (1989).  In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

---

[1]  Plaintiff filed two documents styled "Revised Motion to Appoint Counsel," which appear to be identical except for the date plaintiff signed the document.  (ECF Nos. 56, 58.)  Because the documents are the same, the Court will terminate the second motion.  Plaintiff should take care to avoid filing duplicate motions as it unduly burdens the court.

1

1015 (9th Cir. 1990); <u>Wood v. Housewright</u>, 900 F.2d 1332 (9th Cir. 1990).  Given the context of this case, it appears that plaintiff may be able to demonstrate that exceptional circumstances exist for the limited appointment of counsel to represent plaintiff at her deposition.  Therefore, this Court will refer this case to the Director of the Court's ADR and Pro Bono Program in this district for review.

Plaintiff is cautioned while the case is under review, she has a responsibility to continue to prosecute his action.  The court is not staying the litigation pending the review; rather the review and continued processing of this case will take place at the same time.  No scheduled dates in this litigation have been vacated.  Also, it may ultimately turn out that volunteer counsel may not be procurable for plaintiff's case.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's second motion (ECF No. 58) is denied as duplicative of the earlier motion (ECF No. 56).

2.  The Clerk of the Court is directed to send a copy of this order to Sujean Park, Director of the ADR and Pro Bono Program.

3.  Ms. Park shall inform the court of the decision at her earliest convenience.

Dated:  March 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.31.ref

2