UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA ISRAEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT NEGRETE,<br><br>　　　　Defendant. | No.  2:22-cv-1391 TLN CSK P<br><br><br>ORDER AND ORDER STAYING<br>PLAINTIFF'S DEPOSITION |

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Several motions are pending, which this Court addresses below.

I.　　GOVERNING STANDARDS

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

II.　　BACKGROUND

On March 31, 2025, the Court issued its discovery and scheduling order.  (ECF No. 34.)

On July 9, 2025, the Court granted plaintiff's first motion to modify the scheduling order. (ECF No. 41.) The discovery deadline was extended to September 18, 2025, and the pretrial motions deadline was extended to November 17, 2025. (Id.)

On December 16, 2025, the parties' joint motion to modify the scheduling order was granted, and the discovery deadline was extended to March 31, 2026, and the pretrial motions deadline was extended to May 29, 2026. (ECF No. 54.) On February 24, 2026, plaintiff's motion to compel discovery was denied, and plaintiff's amended motion to issue a subpoena was granted. (ECF No. 55.) The order included deadlines by which plaintiff must submit the subpoena form to the Court Clerk, which plaintiff did, and the documents have been submitted to the U.S. Marshal to effect service of the subpoena.

On March 9, 2026, the Court granted the third request to modify the scheduling order, because plaintiff had not received the documents from the pending subpoena. (ECF No. 59.) Discovery was extended to June 30, 2026. (Id. at 2.)

III.   PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

On March 9, 2026, the same day the Court issued its revised scheduling order, plaintiff filed a motion to extend the discovery deadline. (ECF No. 61.) Because her request crossed in the mail with the Court's revised scheduling order, plaintiff's motion is moot and is denied.

IV.   MOTIONS TO APPOINT COUNSEL

Despite the Court's March 9, 2026 order denying plaintiff's second motion for appointment of counsel as duplicative of her pending March 2, 2026 motion to appoint counsel, and the Court's referral of plaintiff's case to the ADR and Pro Bono Program to attempt to obtain counsel to represent plaintiff for the limited purpose of representing her at her deposition, plaintiff has subsequently filed two more motions for the appointment of limited counsel. (ECF Nos. 63, 64.) Plaintiff is advised that her multiple motions are unduly burdening the Court, and the Court is already taking steps to find counsel to represent her at her deposition. Plaintiff's subsequent motions are denied as duplicative of her already pending March 2, 2026 motion (ECF No. 56). Plaintiff is advised that the Court cannot appoint counsel to represent her until counsel has been identified and agreed to do so. Filing additional motions will not expedite this process and wastes

limited judicial resources.  Plaintiff shall refrain from filing further motions for appointment of limited-purpose counsel.

V.    MOTIONS TO STAY DEPOSITION

On the other hand, plaintiff's first motion to stay her deposition is well-taken.  (ECF No. 63.)  In light of this Court's ongoing efforts to locate counsel to represent plaintiff at her deposition, plaintiff's deposition is stayed until the Court can locate and appoint counsel to represent her at the deposition.  At that point, the deposition should be scheduled through plaintiff's counsel.  Thus, defendant should refrain from re-noticing plaintiff's deposition until counsel has been appointed to represent plaintiff at the deposition.

VI.    ADMONITION

Plaintiff filed four separate motions in the span of 14 days.  Plaintiff filed three separate motions to seek a stay of her deposition.  (ECF Nos. 63, 64, 65.)  Plaintiff is cautioned that a litigant proceeding pro se and in forma pauperis may suffer restricted access to the court if she files excessive motions.  See DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).  Such matters strain the limited resources of both the court and defense counsel.[1]  Plaintiff is directed to exercise appropriate restraint in the future and is cautioned that should she continue to file duplicative motions in this action, the court will consider the imposition of sanctions, including restricted court access or dismissal of the action.

VII.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to extend the discovery deadline (ECF No. 61) is denied as moot.

2.    Plaintiff's subsequent motions for appointment of counsel (ECF Nos. 63, 64) are denied as duplicative.

_____

[1]  "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters."  Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014); Foust v. Hall, 2016 WL 3019394, at *5 (E.D. Cal. May 26, 2016) ("the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases.").  Plaintiff is cautioned that duplicative filings only delay the handling of her case, and she should refrain from filing duplicative motions.

3

3.  Plaintiff's motion to stay her deposition (ECF No. 63) is granted; plaintiff's deposition is stayed pending the appointment of limited-purpose counsel to represent her at her deposition.

4.  Plaintiff's subsequent motions (ECF No. 64, 65) are denied as duplicative.

Dated:  March 31, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isra1391.mots.dn

4